IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**KEITH L. WILDER**                                                          **PLAINTIFF**

v.                         **No. 4:12-cv-486-DPM**

**BRIAN S. MILLER, Chief United
States District Judge, and
THOMAS RAY, United States
Magistrate Judge**                                     **DEFENDANTS**

## ORDER

1. Wilder, currently held at the Pulaski County Detention Facility, filed a *pro se* complaint, raising claims under 42 U.S.C. § 1983, *Document No. 1*, and naming as Defendants Chief United States District Judge Brian S. Miller and United States Magistrate Judge J. Thomas Ray of this District Court. Wilder also filed an amended complaint that did not contain any additional allegations. *Document No. 4*.

2. Wilder also applied for leave to proceed *in forma pauperis*. *Document No. 3*. Because he has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), the request to proceed *in forma pauperis* is

1

granted. *See* 28 U.S.C. § 1915(a).

Based on information contained in a certified copy of Wilder's inmate trust fund account, the Court will not assess an initial partial filing fee. But Wilder will be obligated to make monthly payments in the amount of twenty percent of the preceding month's income credited to Wilder's prison trust account each time the amount in the account exceeds $10.00. Wilder's custodian is requested to send the Clerk of the Court the monthly payments from Wilder's prison trust account when the amount exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As Wilder's present custodian, the Pulaski County Sheriff, or his designee, or any future custodian, is directed to collect from Wilder's institutional account the $350.00 filing fee by collecting monthly payments equal to 20% of the preceding month's income credited to Wilder's account each time the amount in the account exceeds $10.00. The Pulaski County Sheriff, or his designee, or any future custodian, is further directed to forward the payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk. The payments also must be clearly identified by the name and number

2

assigned to this action.

**3.** Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from that relief. 28 U.S.C. § 1915A.

Wilder alleges that Judges Miller and Ray have illegally dismissed all claims brought by prisoners alleging constitutional violations by state officials. But "[j]udges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). Judges Miller and Ray are absolutely immune "for acts committed within [their] judicial jurisdiction[,]" even if "[they are] accused of acting maliciously or corruptly[.]" *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *see also Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986). This is for the public benefit: "[J]udges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson*, 386 U.S. at 554. Appeal is the cure for error by any trial court. *Ibid.* Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment

of damages. *Mireless v. Waco*, 502 U.S. 9, 11 (1991).

Whether an act of a judge is considered "judicial" is a functional analysis. *See Forrester v. White*, 484 U.S. 219, 228 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Entering orders, including orders of dismissal, are just the sort of functions that judicial immunity contemplates. *Ibid.* Therefore, Judge Miller and Judge Ray are immune from Wilder's suit.

Moreover, the facts pleaded about these judges, even if true, do not state a plausible claim that they violated Wilder's rights under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009). The Court recognizes that detailed fact-pleading is not required, but Wilder's complaint consists of nothing more than "naked assertions" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ibid.* (quotation omitted).

**4.** Because all the claims against Judges Miller and Ray suffer from insufficient pleading and are barred by absolute immunity, Wilder's complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g). The Court also certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this

action would be frivolous and not in good faith. The Court directs the Clerk to send a copy of this Order to the Pulaski County Sheriff, 3201 West Roosevelt Road, Little Rock, AR 72204.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

18 October 2012

5